UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**ANGELA MELANCON**                   **CASE NO. 6:21-CV-03752**

**VERSUS**                            **JUDGE ROBERT R. SUMMERHAYS**

**LAFAYETTE GENERAL MEDICAL CENTER INC**   **MAGISTRATE JUDGE CAROL B. WHITEHURST**

## MEMORANDUM ORDER

Before the Court is the Motion to Dismiss pursuant to F.R.C.P. Rule 12(b)(6) filed by Defendant, Lafayette General Medical Center, Inc. (Rec. Doc. 7). LGMC seeks dismissal on the grounds that Plaintiff failed to allege facts sufficient to state a claim for employment discrimination under 42 U.S.C. §1981. In response to Defendant's Motion, Plaintiff requested an opportunity to amend her complaint. (Rec. Doc. 14).

Under Fed. R. Civ. P. 15, a court should freely give leave to amend a complaint when justice so requires. Therefore, a court "[g]enerally. . . should not dismiss an action for failure to state a claim under Rule 12(b)(6) without giving plaintiff 'at least one chance to amend.'" *Hernandez v. Ikon Office Solutions, Inc.*, 306 F. App'x 180, 182 (5th Cir. 2009); *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). See also *Jackson v. Procunier*,

789 F.2d 307, 310 (5th Cir. 1986) (noting that "[a] complaint sought to be dismissed under Rule 12(b)(6) may generally be amended to cure its deficiencies."). Indeed, "district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner which will avoid dismissal." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). The decision to allow amendment of a party's pleadings is within the sound discretion of the district court. *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994); *Avatar Exploration, Inc. v. Chevron, U.S.A., Inc.*, 933 F.2d 314, 320 (5th Cir. 1991).

The Court finds that it would be inequitable to dismiss Plaintiff's complaint without allowing her an opportunity to remedy the sparseness of the factual allegations set forth in the complaint. Accordingly,

IT IS ORDERED that Defendant's Motion to Dismiss (Rec. Doc. 7) is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Plaintiff shall file an amended complaint by February 18, 2022. Defendant may re-urge its Motion to Dismiss, if warranted, thereafter.

Signed at Lafayette, Louisiana on this 7th day of February, 2022.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE