# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| **ANGELA MELANCON** | **CASE NO. 6:21-CV-03752** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **LAFAYETTE GENERAL MEDICAL CENTER INC** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## REPORT AND RECOMMENDATION

Before the Court is the Rule 12(b)(6) Motion to Dismiss filed by Defendant, Lafayette General Medical Center, Inc. ("LGMC"). (Rec. Doc. 17). Plaintiff opposed the Motion (Rec. Doc. 21), and LGMC replied (Rec. Doc. 24). The Motion was referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of this Court. Considering the evidence, the law, and the arguments of the parties, and for the reasons explained below, the Court recommends that LGMC's Motion to Dismiss be granted.

## Factual Background

Plaintiff filed suit in October 2021 against her employer, LGMC, asserting a retaliation claims under Title VII and 42 U.S.C. §1981. (Rec. Doc. 1). In response to Defendant's initial Motion to Dismiss pursuant to F.R.C.P. Rule 12(b)(6), Plaintiff

requested, and the Court granted, leave to amend the Complaint. (Rec. Doc. 15). Plaintiff filed her Amended Complaint, which LGMC now seeks to dismiss.

Plaintiff, a white female, alleged in her Amended Complaint that she began working with LGMC in 1992 and continued to progress in title and responsibility until 2009 when she was promoted to Security Operations Manager. (Rec. Doc. 16, ¶3-4). She alleges that LGMC hired Donnie Simon (who she alleges is African American) in February 2021 as Director of Security Safety/Emergency Prep, who became Plaintiff's supervisor. (Rec. Doc. 16, ¶8). She claims that on July 8, 2021, Simon "altered the terms and conditions of her employment and threatened…termination" after an incident involving Plaintiff and another employee, Lydia Bernard. (Rec. Doc. 16, ¶11-12).

Plaintiff alleges that after she coached Bernard regarding addressing employees, Bernard (African American) engaged in racially offensive conduct by referring to her (Plaintiff) as a slave owner. Bernard was suspended for three days for her conduct. (Rec. Doc. 16, ¶13-18). Thereafter, Plaintiff alleges that Simon and other members of the staff harassed her, complained about her job performance, and accused her of various transgressions such as treating staff unfairly, bullying, belittling staff, leaking confidential information, etc. (Rec. Doc. 16, ¶19-22).

According to the Amended Complaint, Simon issued the July 8, 2021 written reprimand after Plaintiff allegedly failed to comply with LGMC policy regarding

2

supportiveness, etiquette, respect, and communication involving contract workers. Specifically, she texted an ill contract employee to see if she (the contract employee) was working without asking how the employee was feeling. (Rec. Doc. 16, ¶23-27). Plaintiff alleges that following the reprimand, Simon and other personnel made her workplace "a living hell," which led her to seek a medical leave of absence. (Rec. Doc. 16, ¶28). Apparently, Plaintiff contends the reprimand was one instance of the alleged harassment. She filed a complaint with the Equal Opportunity Employment Commission and received a Notice of Right to Sue letter. (Rec. Doc. 16, ¶29).

The Amended Complaint asserts claims for retaliation pursuant to Title VII and 42 U.S.C. §1981 and intentional infliction of emotional distress ("IIED") under state law.

## Law and Analysis

### I. Law applicable to Rule 12(b)(6) motions to dismiss.

When considering a motion to dismiss for failure to state a claim under F.R.C.P. Rule 12(b)(6), the district court must limit itself to the contents of the pleadings, including any attachments thereto. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). The court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotations omitted) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d

464, 467 (5th Cir. 2004)); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). However, conclusory allegations, unwarranted deductions of fact, and legal conclusions couched as facts are not accepted as true. *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 555; *Kaiser Aluminum & Chemical Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982.

To survive a Rule 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic*, 127 U.S. at 570. The allegations must be sufficient "to raise a right to relief above the speculative level," and "the pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* at 555 (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)). "While a complaint . . . does not need *detailed* factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citations, quotation marks, and brackets omitted; emphasis added). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the plaintiff fails to allege facts sufficient to "nudge[ ][his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." *Bell Atlantic v. Twombly*, 127 U.S. at 570.

A claim meets the test for facial plausibility "when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. at 678. "[D]etermining whether a complaint states a plausible claim for relief…[is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Therefore, "[t]he complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim." *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009) (quoting *Bell Atlantic v. Twombly*, 127 U.S. at 556). See also *In Re Southern Scrap,* 541 F.3d 584, 587 (5th Cir. 2008).

## II. Documents to be considered

Ordinarily, in ruling on a Rule 12(b)(6) motion, the Court is limited to the allegations of the complaint and any exhibits attached thereto; however, the court may also consider documents attached to the defendant's motion if they are referenced in the complaint and central to the plaintiff's claims. *In re Katrina Canal Breaches Litig.,* 495 F.3d 191, 205 (5th Cir. 2007). The Court is also permitted to take judicial notice of public records as well as facts which are not subject to reasonable dispute in that they are either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by

resort to sources whose accuracy cannot reasonably be questioned. *Funk v. Stryker Corp.,* 631 F.3d 777, 783 (5th Cir. 2011). The Fifth Circuit has also sanctioned consideration of certain documents which were attached to the plaintiff's opposition, where no party questioned the authenticity of the documents and the documents are sufficiently referenced in the complaint. *Walch v. Adjutant Gen.'s Dep't of Texas*, 533 F.3d 289, 294 (5th Cir. 2008).

LGMC attached to its Motion to Dismiss a copy of the July 8, 2021 Employee Discipline Form (Rec. Doc. 17-2) and the affidavit of Donnie Simon, in which he attests that he is white and attaches a social media photograph of himself (Rec. Doc. 17-1). The Discipline Form falls into the category of reviewable documents, because Plaintiff did not object and the Amended Complaint relies in large part on the document. (See e.g. Rec. Doc. 16, ¶11-12; 23-26 regarding the July 8, 2021 reprimand.) Whether the Court should consider Simon's affidavit, attesting that he is white—not African American as the Amended Complaint alleges (Rec. Doc. 16, ¶8), is less certain. Nonetheless, the Court shall take judicial notice of Simon's race, as a fact capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned (Simon's affidavit regarding his own race) and which Plaintiff does not dispute in her opposition. See also *Brock v. Bhd. of Sleeping Car Porters, Train, Chair Car, Coach Porters & Attendants*, 129 F. Supp. 849, 852 (W.D. La. 1955) (taking judicial notice of the plaintiffs' race).

6

Accordingly, the Court shall consider the sufficiency of Plaintiff's factual allegations in conjunction with the July 8, 2021 written reprimand and the fact that both Simon and Plaintiff are white.

### III. Whether Plaintiff stated retaliation claims.

The following Fifth Circuit standards govern Plaintiff's retaliation claim under 42 U.S.C. §1981:

> Section 1981 makes it unlawful to discriminate on the basis of race in making and enforcing contracts. It encompasses complaints of retaliation against a person who has complained about a violation of another person's contract-related right. We examine retaliation claims under Section 1981 using the same rubric of analysis as Title VII.

*Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021), *as revised* (Nov. 26, 2021) (cleaned up).

> The *McDonnell Douglas* burden-shifting framework applies, so Johnson has the initial burden to set forth a prima facie case of retaliation. A prima facie case of retaliation under either Title VII or § 1981 requires that a plaintiff show that: (1) he engaged in an activity protected by Title VII; (2) he was subjected to an adverse employment action; and (3) a causal link exists between the protected activity and the adverse employment action.

*Johnson v. PRIDE Indus., Inc.,* 7 F.4th 392, 407–08 (5th Cir. 2021) (cleaned up).

Analysis for retaliation claims under Title VII is the same as §1981 claims. *McCoy v. City of Shreveport*, 492 F.3d 551, 557 (5th Cir. 2007). See also *Shackelford v. Deloitte & Touche, LLP*, 190 F.3d 398, 404, fn. 2 (5th Cir. 1999).

LGMC does not challenge that Plaintiff engaged in an activity protected by Title VII (allegedly reporting a co-employee's racial misconduct). Rather, LGMC challenges the Complaint for failing to allege facts sufficient to show that Plaintiff suffered an adverse employment action and a causal link.

### A. **Whether Plaintiff alleged an adverse employment action.**

LGMC first argues Plaintiff has not alleged facts sufficient to show she was subject to an adverse employment action. An adverse employment action in the retaliation context is one which "a reasonable employee would have found ... [to be] materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Aryain v. Wal-Mart Stores Texas LP*, 534 F.3d 473, 484 (5th Cir. 2008), quoting *Burlington N. & Santa Fe Ry. Co. v. White,* 548 U.S. 53, 68, (2006).

Plaintiff alleges that she received a written reprimand on July 8, 2021, which she seems to contend was part of a hostile work environment LGMC created. As LGMC points out, Fifth Circuit jurisprudence is replete with cases finding that written reprimands are insufficient adverse employment actions to support a retaliation claim. See e.g.*Thibodeaux-Woody v. Houston Cmty. Coll.,* 593 F. App'x 280, 286 (5th Cir. 2014), citing cases ("[W]e have held that a written reprimand, without evidence of consequences, does not constitute an adverse employment action."); *Baig v. McDonald*, 749 F. App'x 238, 241 (5th Cir. 2018); *King v.*

8

*Louisiana*, 294 F. App'x 77, 85 (5th Cir. 2008) ("Even taken in a light most favorable to King, allegations of unpleasant work meetings, verbal reprimands, improper work requests, and unfair treatment do not constitute actionable adverse employment actions as discrimination or retaliation."). Plaintiff did not allege that the reprimand resulted in any consequence detrimental to her employment. She did not allege that she suffered a demotion or loss of pay or benefits because of the reprimand. Thus, she has not stated a *prima facie* claim for retaliation based on the written reprimand.

Plaintiff urges the Court to consider the written reprimand in the context of the alleged hostile work environment. Although Plaintiff did not explicitly assert a claim for hostile work environment, analysis of the necessary elements is appropriate.

> To establish a claim of hostile work environment, a plaintiff must prove he (1) belongs to a protected group; (2) was subjected to unwelcome harassment; (3) the harassment complained of was based on his membership in the protected group; (4) the harassment complained of affected a term, condition, or privilege of employment; and (5) the employer knew or should have known of the harassment in question and failed to take prompt remedial action. *Ramsey v. Henderson*, 286 F.3d 264, 268 (5th Cir. 2002).

*Johnson v. PRIDE Indus., Inc.*, 7 F.4th 392, 399–400 (5th Cir. 2021).

Plaintiff contends that, in addition to receiving the reprimand, she was also wrongfully accused of various transgressions, such as treating staff unfairly, bullying, threatening staff with termination, and causing workplace conflict. (Rec. Doc. 16, ¶22). Again, Plaintiff did not allege that any of the alleged accusations

9

resulted in any adverse action. Indeed, the written reprimand did not concern any matter of which she was allegedly accused. (Compare Rec. Doc. 17-2 and 16, ¶22). None of the alleged accusations or the written reprimand resulted in action affecting a term, condition, or privilege of employment. Further, as LGMC points out, although Plaintiff is among the protected class of females, she did not allege that she suffered a hostile environment because of her gender. Rather, she alleges that her reporting of Bernard's racially inappropriate behavior (which LGMC allegedly remedied) resulted in the allegedly hostile environment. Therefore, the Court finds that Plaintiff has failed to allege a sufficient adverse employment action sufficient to state claims under either Title VII or §1981. For the same reasons, Plaintiff has failed to state a claim for hostile environment to the extent she intended to do so.

### B. Whether Plaintiff alleged a causal connection.

LGMC next argues that Plaintiff also failed to allege a causal connection between the alleged protected activity and allegedly adverse employment action. Having found that Plaintiff did not allege facts sufficient to show she suffered an adverse employment action, the Court need not reach the causal connection inquiry. Nonetheless, for the sake of subsequent review, the Court finds that the Amended Complaint does not allege facts sufficient to show the necessary causal connection.

Because the written reprimand and alleged accusations of various transgressions do not evidence an intention to act because of Plaintiff's alleged

reporting of Bernard's conduct, proximity is the only conceivable connection between Plaintiff's actions and the subsequent reprimand/accusations. "Close timing between an employee's protected activity and an adverse action against him may provide the 'causal connection' required to make out a *prima facie* case of retaliation." *McCoy,* 492 F.3d at 562. Although timing alone *could* be the basis for a finding of causal connection, if the plaintiff must rely on temporal proximity, the adverse employment action must be "very close" in time. Compare *Porter v. Houma Terrebonne Hous. Auth. Bd. of Comm'rs*, 810 F.3d 940, 948 (5th Cir. 2015) and *Hernandez v. Metro. Transit Auth. of Harris Cty.,* 673 F. App'x 414, 420 (5th Cir. 2016). The Fifth Circuit in *Porter* suggested that timing alone could show causation in limited circumstances; however, the court's later, unpublished, opinion in *Hernandez* held that timing alone is insufficient to show causation. The discrepancy is not determinative of the outcome in this case, where Plaintiff has shown neither very close proximity nor but-for causation.

Even if the written reprimand and accusations constituted adverse employment actions, Plaintiff has not shown her reporting of Bernard's conduct was the but-for cause of these actions. Rather, the written reprimand resulted from the subsequent incident involving a sick contract employee. Insofar as Plaintiff suggests the written reprimand and alleged accusation were pretextual, the Court finds that her conclusory allegations are insufficient.

The Court also finds that the four-month period between Plaintiff's incident with Bernard and the written reprimand is not sufficiently close to rely upon temporal proximity alone. See e.g. *Flanner v. Chase Inv. Servs. Corp.,* 600 F. App'x 914, 921, fn. 30 (5th Cir. 2015), citing cases. Thus, the Court finds that Plaintiff has failed to state a claim for retaliation under either Title VII or §1981 on these additional grounds.

### IV. Whether Plaintiff stated a claim for intentional or negligent infliction of emotional distress.

To prevail on her IIED claim Plaintiff must establish "(1) that the conduct of the defendant was extreme and outrageous; (2) that the emotional distress suffered by the plaintiff was severe; and (3) that the defendant desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from his conduct." *White v. Monsanto Co.*, 585 So. 2d 1205, 1209 (La. 1991). The conduct at issue must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." *Id.* See also *Muslow v. City of Shreveport*, 491 F. Supp. 3d 172, 199 (W.D. La. 2020). Plaintiff's allegations that she was merely accused of various employment shortcomings is insufficient to reach the level of egregiousness required of an IIED claim. Hence, the Court finds that her IIED claims should be dismissed under Rule 12(b)(6).

Plaintiff somewhat asserts a claim for negligent infliction of emotional distress (NIED). (Rec. Doc. 16, ¶40).

> Louisiana does not recognize an independent tort of negligent infliction of emotional distress. Yet, a plaintiff may recover for unintentional or negligent infliction of emotional distress unaccompanied by physical injury where the defendant's negligent conduct is deemed to be outrageous. In order to recover, the plaintiff must show the existence of an especial likelihood of genuine and serious mental distress, arising from the special circumstances, which serves as a guarantee that the claim is not spurious.

*Lester v. Sec'y of Veterans Affs.,* 514 F. Supp. 2d 866, 881 (W.D. La. 2007) (quotations omitted), citing *Doe v. Smith,* 913 So.2d 140, 142 (La.App. 4 Cir.2005) and *Moresi v. State through Dept. of Wildlife and Fisheries,* 567 So.2d 1081, 1096 (La.1990).

The Court finds that Plaintiff's claims do not fall into the category of special circumstances envisioned by Louisiana law. See *Givs v. City of Eunice*, 512 F. Supp. 2d 522, 548 (W.D. La. 2007), *aff'd,* 268 F. App'x 305 (5th Cir. 2008). Hence, Plaintiff's NIED claim should also be dismissed.

## Conclusion

For the reasons discussed herein, the Court recommends that Lafayette General Medical Center, Inc.'s Rule 12(b)(6) Motion to Dismiss (Rec. Doc. 17) be GRANTED and that Plaintiff's claims be DISMISSED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of

Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

THUS DONE in Chambers, Lafayette, Louisiana on this 11th day of May, 2022.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE